VENTURA LAW

235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CINTIA BONADIAS,** | : | |
| **Plaintiff,** | : | |
| | : | **COMPLAINT** |
| **vs.** | : | |
| | : | Civil Action No.: |
| **HOLOGIC, INC.,** | : | **Jury Trial Requested** |
| **Defendant** | : | |

## Jurisdiction and Venue

1.     Jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.     The action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), codified at Conn. Gen. Stat. § 46a-60 *et seq.*

3.     Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that Plaintiff Cintia Bonadias's claims arose in this district, substantial actions occurred in this district and she resides in this district.

4.     Supplemental jurisdiction over Cintia Bonadias's state law claims is

invoked pursuant to 28 U.S.C. § 1367 as her claims arise out of the same transaction and occurrences as the plaintiff's federal claims.

     5.    Cintia Bonadias filed a timely claim with the Equal Employment Opportunity Commission (EEOC).

     6.    Cintia Bonadias received a "Right to Sue" Letter from the EEOC dated January 31, 2019 and received February 3, 2019.

     7.    All conditions precedent to this lawsuit have been fulfilled.

### The Plaintiff

     8.    Plaintiff, Cintia Bonadias (hereafter referred to as "Cintia Bonadias") is a female former employee of defendant Hologic Inc. at its Connecticut location. She is a resident of the State of Connecticut and at all relevant times met the definition of an employee and/or eligible employee under all applicable statutes.

### The Defendant

     9.    Hologic, Inc. ("Hologic"), is a medical technology company focused on the sale of medical devices for surgery and medical imaging primarily focused on women's health and beauty with its headquarters in Marlborough, Massachussetts.  Hologic, Inc. does business in all 50 states of the United States, including Connecticut.

VENTURA LAW

235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

10.     Hologic, Inc. employs more than 40 employees.

## Statement of Facts

11.     On or about June 26, 2016, Cintia Bonadias began working for Hologic in the Danbury, Connecticut branch in the position of Buyer 2.

12.     She entered this position with eight years of prior experience in the materials procurement field.

13.     Cintia Bonadias excelled in her Buyer 2 position at Hologic and quickly earned the trust and praise of her supervisor, Mr. Thomas M. Clark, Jr. and the same was documented in her Hologic personnel file.

14.     Not long after she began, Mr. Clark began making statements to Cintia Bonadias that he "could see her working as the Manager of Purchasing for the Danbury Branch."

15.     Cintia Bonadias adopted this position as her future career track in reliance on Mr. Clark's representations.

16.     Cintia Bonadias continued to excel as an employee in the Buyer 2 position under the direction and supervision of Mr. Clark throughout her first year and consistently received positive feedback and reviews.

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

17.     On or about July 17, 2017, Cintia Bonadias informed her immediate supervisor, Mr. Clark, that she was pregnant with her second child and expected to be taking maternity leave beginning in December 2017.

18.     She was informed that this would not be a problem and she continued to perform the duties of her position throughout her pregnancy.

19.     In August 2017, Cintia Bonadias became aware that Hologic had posted an opening for a Commodity Specialist position in Danbury.  This position would constitute a promotion over her current position as Buyer 2 and would be the next step in the process towards Manager of Purchasing at the Danbury branch.

20.     Cintia Bonadias met all requirements of the position according to the job posting, including having more than eight years of experience in materials procurement within the medical device sector.

21.     By way of email, Cintia Bonadias inquired of her supervisor, Mr. Clark, as to what he thought about her desire to apply for the position.

22.     On or about August 21, 2017, Mr. Clark responded, "You certainly can apply and there is no doubt you could figure out how to do the job. You have the skills… I have big plans for you and there will be many opportunities."

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

23.     On August 29, 2017, Cintia Bonadias formally applied for the Commodity Specialist position.

24.     She awaited a response regarding the next steps in the application process.  However, despite her direct supervisor's praise and commendation, Cintia Bonadias was never afforded the opportunity to interview for the position and was not even considered for the position despite her past exemplary performance, skills and likelihood of success at the position as stated by Hologic's internal communications.

25.     In November 2017, Cintia Bonadias was given her performance review for Fiscal Year 2017. Her overall ratings by her supervisor were scored at 3.80, which signified that she "Exceeds expectations."

26.     Her supervisor lauded Cintia Bonadias with numerous compliments including but not limited to, "Cintia's performance has consistently exceeded my expectations. She is a great team player and has significantly strengthened our organization in a very short period of time."

27.     After being completely excluded from consideration for the position of Commodity Specialist in October 2017, Cintia Bonadias was placed in the position of

Senior Buyer which was merely a change in title.

28.     Cintia Bonadias was also tasked with the additional role of "Business Process Owner" for the Danbury branch.

29.     This additional role tasked Cintia Bonadias with the responsibility of evaluating and recommending processes for the Danbury Purchasing Department and other facilities with no additional compensation.

30.     Cintia Bonadias continued to report to Mr. Clark in this role through December 1, 2017 upon which she formally began her maternity leave.

31.     During Cintia Bonadias's maternity leave, there was a transition plan implemented where a variety of roles and positions were assigned including her position of Senior Buyer, and in which she was not included or mentioned.

32.     Cintia Bonadias returned from Maternity Leave on February 15, 2018.

33.     Immediately upon her return, she was informed that there were a number of changes made to her role and responsibilities from the time she had left.  Cintia Bonadias was also prohibited from returning to her normal job duties during the first six weeks of her return.

34.     Cintia Bonadias was instructed that she no longer reported directly to Mr.

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

Clark; rather, she was instructed to report to Mr. Russ Moran, Senior Procurement Manager and subordinate to Mr. Clark.

35.     Cintia Bonadias continued to receive instructions, assignments and requests from her former supervisor, Mr. Clark, even after being told she no longer officially reported to him.

36.     Cintia Bonadias repeatedly voiced her concern over the dual reporting structure to Mr. Moran and Mr. Clark which resulted in her receiving double the volume of responsibility of her co-workers.

37.     Both Mr. Moran and Mr. Clark ignored her requests for clarification of her role and reporting structure.   Consequently, Cintia Bonadias continued to receive conflicting assignments from both Mr. Moran and Mr. Clark.

38.     Cintia Bonadias also made her concerns clear to Human Resources during her participation and involvement in a task force dedicated to improving management issues within the organization.

39.     Prior to her maternity leave, Cintia Bonadias had been working in an independent Senior Buyer capacity, purchasing a number of commodities for multiple product lines (including plastics, labels, manuals and computers).

VENTURA LAW

235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

40.     Upon her return, Cintia Bonadias was forced to act essentially in a "fill-in" role for other buyers covering in areas where they were unable to meet their own deadlines and/or the responsibilities of their positions and thus worked under the direction of those who were at or below her seniority level.

41.     Cintia Bonadias was not permitted to actually perform the responsibilities of a Senior Buyer as the position had been outlined to her prior to her maternity leave.

42.     Cintia Bonadias continued to voice her concerns to Mr. Clark and Mr. Moran regarding the changes to her role and the dual reporting structure which hindered her ability to fulfill all the responsibilities that had been imposed upon her.

43.     Cintia Bonadias also continued to voice her concerns to Human Resources during a "management improvement" task force to which she had been assigned.

44.     Cintia Bonadias repeatedly engaged in activities protected by the employment discrimination laws applicable to Hologic in an effort to prevent the discriminatory conduct occasioned by her return from maternity leave as she was repeatedly targeted by her superiors and sabotaged.

45.     In April 2018, Cintia Bonadias was permitted to assume her role as Senior Buyer, although she was now expected to handle the purchasing of all plastics across four

branches instead of the sole Danbury branch for which she was originally responsible prior to her maternity leave.

46.     Due to this modification, Cintia Bonadias was the only buyer assigned to the purchasing of plastics for the Northeast branches, despite the fact that other commodities had been assigned to teams of 2-3 buyers per commodity.

47.     As a result, Cintia Bonadias was now required to manage the equivalent workload of three of her co-workers as Senior Buyer and simultaneously required to perform the additional duties associated with being the Business Process Owner for all of the Danbury Purchasing department without any increase in compensation.

48.     This material alteration of the terms and conditions of her employment was discriminatory and a pretext designed to have Cintia Bonadias fail at her job as a means of removing her.

49.     On or about April 4, 2018, Cintia Bonadias was requested to participate in a one-on-one meeting with Mr. Clark, during which she was asked to express her sentiments regarding the changes to her role and the Danbury Purchasing department since her return from maternity leave.

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

50.     During this meeting, Cintia Bonadias articulated her frustration with the following:

    i. the lack of clear communication or direction from both her supervisors, Mr. Clark and Mr. Moran;

    ii. her concern over the restructuring of her role and those of her team-mates; and

    iii. the burdens associated with performing the duties otherwise assigned to teams of 2-3 people.

51.     Mr. Clark then met with the other members of the Danbury Purchasing department throughout that day and the following to solicit similar feedback and concerns.

52.     Upon information and belief, all the feedback was then shared with Mr. Moran.

53.     On April 9, 2019, Cintia Bonadias had a one-on-one meeting with her second supervisor, Mr. Moran.

54.     At this meeting, Mr. Moran berated Cintia Bonadias in a very aggressive and angry tone and chastised her for speaking with Mr. Clark in the meeting of April 4th, despite the fact that Mr. Clark was the superior of both Cintia Bonadias and Mr. Moran.

VENTURA LAW

235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

55.     During this meeting with Mr. Moran, Cintia Bonadias was told that she could no longer communicate with Mr. Clark even though Mr. Clark continued to speak directly to her on an ongoing basis, and if she continue to do so, her employment at Hologic was jeopardized.

56.     This meeting caused Cintia Bonadias severe emotional distress as she was being given conflicting instructions from both of her supervisors and clearly suffered retaliation based on her engagement in protected activities.

57.     Over the six weeks that followed, both Mr. Moran and Mr. Clark began acting aggressively, discriminatorily and with clear hostility toward Cintia Bonadias.

58.     On numerous occasions, Mr. Clark remarked publicly that Cintia Bonadias "was like Phil with a wig on," an ageist, sexist, misogynistic and negative comment related to a former co-worker of ill repute who retired in December 2017.

59.     Both Mr. Clark and Mr. Moran began telling Cintia Bonadias that "she had changed since her maternity leave", though neither would articulate what that meant despite Cintia Bonadias's repeated inquiries as to how she was different.

60.     Mr. Clark and Mr. Moran also told her on numerous occasions and in the presence of others that she had "a bad attitude." Mr. Clark would even ask her

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

questions such as "how is your attitude today?" in the presence of other members of her team.

61.     During this time, Cintia Bonadias repeatedly expressed to both supervisors that she was uncomfortable both with the treatment she was receiving as well as with the way her role had been changed since her return from maternity leave.

62.     On one particular occasion, during which Mr. Clark was reiterating that there was "something wrong with [Cintia Bonadias] since her return from her maternity leave," Mr. Clark stated, "you know that I pushed Fred out early too."

63.     In reference to Fred Gerber who worked in the Danbury Purchasing department until December 2017, said statement was a threat to terminate Cintia Bonadias's employment if she were to continue her engagement in activities protected by the laws of the United States.

64.     On or about May 22, 2018, Mr. Clark contacted Cintia Bonadias regarding a meeting to take place later that day between herself, Mr. Moran, Mr. Clark and Mr. Robert Trenck, another Buyer on the Danbury Purchasing team and one of Cintia Bonadias's colleagues.

65.     Cintia Bonadias asked Mr. Moran about the purpose of the meeting to which

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

he responded, "it's just a little love fest so you and Rob can feel loved."

66.    Upon entering the meeting, Cintia Bonadias was instructed to sit down and Mr. Trenck was directed to sit in a chair in a corner of the room to observe the meeting and not to speak.

67.    Cintia Bonadias was then publicly humiliated and berated as Mr. Moran and Mr. Clark stated that she was "like Phil with a wig on" and "has something was wrong with her since she returned from maternity leave."

68.    Cintia Bonadias was also told that she had a bad attitude which was apparent to others, and for this reason she was going to have to move out of her office, which she shared at the time with Mr. Trenck, into a different shared office with another employee, Lisa Johnson.

69.    She was told that another buyer, John Ross, would be moving into her current office space.

70.    Once the verbal thrashing by Mr. Clark and Mr. Moran concluded, Cintia Bonadias was dismissed from the meeting.

71.    Cintia Bonadias was deeply humiliated and distressed by this meeting, the retaliation, the obvious discrimination and the announcement that she was soon

to be relocated.

72.     On or about May 29, 2018, Cintia Bonadias reported the pregnancy discrimination, harassment and retaliation she suffered by Mr. Moran and Mr. Clark to her Human Resources Representative, Ms. Stacey D'Attorre.

73.     Following the report, a formal investigation was finally launched into Cintia Bonadias's allegations of discrimination, harassment and retaliation.

74.     Cintia Bonadias was asked to provide a written statement of the events and was told that Mr. Moran and Mr. Clark would be made to account for their actions as well.

75.     Cintia Bonadias became aware that Mr. Trenck was also requested to provide a statement regarding the allegations of discrimination, harassment and retaliation.

76.     On June 14, 2018, Cintia Bonadias was informed via email that HR was concluding its investigation "into [Cintia Bonadias's] allegations that Russ Moran and Tom Clark acted inappropriately and/or violated Hologic's Anti-Harassment Policy." Ms. D'Attorre also stated that no internal policies had been violated nor had any inappropriate conduct taken place.

77.     Ms. D'Attorre went on to state that she intended to schedule a follow-up meeting for Cintia Bonadias and her two supervisors to discuss the events further with Ms.

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

D'Attorre present.

78.     Based upon Ms. D'Attorre's statements, Hologic did not even consider Cintia Bonadias's allegations of pregnancy discrimination and retaliation and only focused on its Anti-Harassment policy.

79.     On June 19, 2018, Cintia Bonadias participated in said meeting with Mr. Moran, Mr. Clark and Ms. D'Attorre.

80.     Mr. Moran and Mr. Clark were invited to discuss their concerns with Cintia Bonadias's performance since her return from her maternity leave.

81.     With the exception of one vendor issue involving Florida Custom Mold, neither Mr. Moran or Mr. Clark were able to provide any concrete examples of performance issues or other negative changes in Cintia Bonadias's ability to perform the duties of her position or any of the other duties that had been imposed upon her since her return.

82.     Cintia Bonadias informed all parties present in that meeting that she felt she had been discriminated against on the basis of her gender, pregnancy and childbirth status, all of which are protected classes under the terms of Hologic's own anti-discrimination policy.

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

83.    Cintia Bonadias had also expressed that she had been subjected to a hostile work environment.

84.    The meeting was concluded with an assertion that all of Cintia Bonadias's concerns were due to "miscommunications" which could be resolved outside of formal action, ignoring the alterations to Cintia Bonadias's terms and conditions of employment, structural changes and pretextual assignments.

85.    That same date and following that meeting, Cintia Bonadias forwarded an email chain to Ms. D'Attorre demonstrating that the shortfalls she experienced were among the lowest of all members of the purchasing team which is a key performance metric for all such employees.

86.    Cintia Bonadias also provided clarification regarding the Florida Custom Mold issue in that it was not a matter of performance, but rather an issue with how the task appeared in the project management system and that both Mr. Moran and Mr. Clark were previously made aware of the issue in that same email chain.

87.    Ms. D'Attorre conceded, "the only performance concern I recall that they raised was regarding Florida Custom Mold, which you pointed out below, may appear as if you had not worked on it, even though it was actioned."

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

88.     Despite Cintia Bonadias's written advisement of the various illegal acts she had suffered due to her protected status and her supervisors' deliberate conduct, Ms. D'Attorre left the investigation closed thus constructively terminating Cintia Bonadias's employment.

89.     On June 26, 2018, having exhausted all viable internal avenues to address the intolerable environment she was subjected to in her employment with Hologic, Cintia Bonadias was forced into an involuntary resignation, had to seek alternative employment with reduced compensation and benefits and informed Mr. Moran that she had accepted a position elsewhere and was providing two weeks' notice of her resignation of employment.

90.     The following day, June 27, 2018, Cintia Bonadias was asked to leave her position and vacate the premises, effective immediately.

## Count One: Discrimination in Violation of the FMLA

91.     Cintia Bonadias re-alleges and incorporates by reference Paragraphs 1 though 90, as if fully stated.

92.     At all times relevant herein, Cintia Bonadias was an "eligible employee" within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2601

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

("FMLA"). At all times relevant herein, Hologic, Inc. was a "covered employer" within the meaning of the FMLA.

93.     By the actions described above among others, Hologic violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of Cintia Bonadias's rights by, inter alia, constructively terminating her employment upon her return from maternity leave, an action that would clearly deter employees from exercising their rights under the FMLA.

94.     As a direct and proximate result of Hologic's unlawful conduct in violation of the FMLA, Cintia Bonadias has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

### Count Two: Sex and Pregnancy Discrimination in Violation of Title VII

95.     Cintia Bonadias re-alleges and incorporates by reference Paragraphs 1 through 90 as if fully stated.

96.     Cintia Bonadias was qualified for her Senior Buyer position.

97.     Cintia Bonadias was subjected to adverse employment actions on account of her pregnancy.

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

98.     Cintia Bonadias was subjected to derogatory and defamatory remarks directly relating to her pregnancy and child birth.

99.     There was a marked change in Hologic's treatment of and dealings with Cintia Bonadias after her pregnancy and subsequent maternity leave.

100.    Upon her return from maternity leave, Cintia Bonadias was subjected to unfair treatment and a workload ordinarily assigned to 2-3 buyers.

101.    Cintia Bonadias complained to her supervisors and Hologic's human resources department and its agents about the adverse conduct, but Hologic failed or refused to properly investigate, adequately address or stop it.

102.    Cintia Bonadias has suffered and will continue to suffer damages including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

### Count Three: Retaliation in Violation of Title VII

103.    Cintia Bonadias re-alleges and incorporates by reference Paragraphs 1 though 90, and Paragraphs 96 through 103 of Count Two, as if fully stated.

104.    Cintia Bonadias complained to Hologic that she was being

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

discriminated against on the basis of her pregnancy.

105.    In addition, on May 29, 2018 and thereafter, Cintia Bonadias submitted written complaints to Hologic's Human Resources Department about Mr. Clark's and Mr. Moran's conduct.

106.    On October 31, 2018, Cintia Bonadias filed a complaint with the EEOC.

107.    By her internal complaints to Hologic and her complaints with the EEOC, Cintia Bonadias engaged in protected activity or activity that she reasonably believed to be protected activity.

108.    Hologic was aware that Cintia Bonadias was opposing discriminatory employment practices.

109.    Hologic took adverse and retaliatory actions against Cintia Bonadias for engaging in protected activity or activity that she reasonably believed to be protected activity.

110.    Cintia Bonadias has suffered and will continue to suffer damages including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

### Count Four: Pregnancy Discrimination in Violation of C.G.S. § 46a-60(a)(1)

111.    Cintia Bonadias re-alleges and incorporates by reference Paragraphs 1 through 90 as if fully stated.

112.    Cintia Bonadias was qualified for her Senior Buyer position.

113.    Cintia Bonadias was subjected to adverse employment actions on account of her pregnancy.

114.    Cintia Bonadias was subjected to derogatory and defamatory remarks directly relating to her pregnancy and child birth.

115.    There was a marked change in Hologic's treatment of and dealings with Cintia Bonadias after her pregnancy and subsequent maternity leave.

116.    Upon her return from maternity leave, Cintia Bonadias was subjected to unfair treatment and a workload of that ordinarily assigned to 2-3 buyers.

117.    Cintia Bonadias complained to her supervisors and Hologic's human resources department and its agents about the adverse conduct, but Hologic failed or refused to properly investigate, adequately address or stop it.

118.    Cintia Bonadias has suffered and will continue to suffer damages including, but not limited to, past and future lost wages and fringe benefits,

VENTURA LAW
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## Count Five: Retaliation on the Basis of Pregnancy in Violation of C.G.S. § 46a-60(a)(4)

119.    Cintia Bonadias re-alleges and incorporates by reference Paragraphs 1 through 86, and Paragraphs 112 through 119 of Count Four, as if fully stated.

120.    On May 29, 2018 and thereafter, Cintia Bonadias submitted written complaints to Hologic's Human Resources Department.

121.    On October 31, 2018, Cintia Bonadias filed a complaint with the EEOC.

122.    By making her complaints, Cintia Bonadias engaged in protected activity or activity that she reasonably believed to be protected activity.

123.    Hologic was aware that Cintia Bonadias was opposing discriminatory employment practices.

124.    Hologic acted adversely toward Cintia Bonadias in retaliation for her engaging in protected activity or activity that she reasonably believed to be protected activity, in violation of C.G.S. § 46a-60(a)(4).

125.    Cintia Bonadias has suffered and will continue to suffer damages including

but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

### **Jury Trial Claim**

126.    The plaintiff, Cintia Bonadias, claims a trial by jury on all claims triable by jury.

**VENTURA LAW**
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264

WHEREFORE, Plaintiff prays that this Court:

1.   Take jurisdiction over this matter;

2.   Award compensatory and punitive damages as allowed by statute;

3.   Award attorney's fees and costs, including expert witness expenses;

4.   Grant Plaintiff a trial by jury;

5.   Grant such other and further relief as may be just and equitable.

The Plaintiff,
Cintia Bonadias,

By
SABRINA VICTOR (Fed. Bar. #:ct29136 )
MICHAEL CRUZ
Ventura Law
235 Main Street
Danbury, CT  06810
Tel:  203 800 8000
gp@venturalaw.com
sabrina@venturalaw.com

TO:   HOLOGIC, Inc.
        c/o CT Corporation System
        67 Burnside Avenue
        East Hartford, CT 06108

**VENTURA LAW**
235 Main Street, Suite 101 • Danbury, CT 06810
203-800-8000 • Fax 203-791-9264